**CONSOLE LAW OFFICES LLC**
**Stephen G. Console**
**Caren N. Gurmankin**
**110 Marter Avenue, Suite 150**
**Moorestown, NJ 08057**
**(856) 854-4000**
**(856) 854-4006 (facsimile)**
**(215) 545-7676 (Philadelphia office)**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **LIAM MCGRORY**<br>**Cherry Hill, NJ 08034** | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NATIONAL FOOTBALL LEAGUE**<br>**280 Park Avenue**<br>**New York, NY 10017** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **NFL PRODUCTIONS LLC**<br>**280 Park Avenue**<br>**New York, NY 10017** | : | |
| | : | |
| **NFL FILMS, INC.**<br>**One NFL Plaza**<br>**Mount Laurel, NJ 08054** | : | |
| | : | |
| **Defendants.** | : | |

## <u>COMPLAINT</u>

I.    <u>**INTRODUCTION**</u>

Plaintiff, Liam McGrory, brings this action against his former employers,

National Football League, NFL Productions LLC and NFL Films, Inc.

Dockets.Justia.com

("Defendants").  Plaintiff was discriminated against because of his age and retaliated against based on his complaints about the same in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA") and the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, *et seq.* ("NJLAD").  Plaintiff seeks damages, including compensatory, liquidated and punitive damages and all other relief this Court deems appropriate.

## II.    PARTIES

1.    Plaintiff, Liam McGrory, is an individual and a citizen of the state of New Jersey.  He resides in Cherry Hill, New Jersey.

2.    Plaintiff was fifty four (54) years of age when he was terminated by Defendants.

3.    Defendant, National Football League ("Defendant NFL") is an association with a principal place of business at 280 Park Avenue, New York, NY 10017.

4.    Defendant, NFL Productions LLC ("Defendant NFL Productions"), is a Delaware corporation with a principal place of business at 280 Park Avenue, New York, New York 10017.

5.    Defendant, NFL Films, Inc. ("Defendant NFL Films"), is a Delaware corporation with a principal place of business at One NFL Plaza, Mount Laurel, New Jersey 08054.

6.    At all times material hereto, Plaintiff worked out of Defendant NFL Films' principal place of business in Mount Laurel, New Jersey 08054.

7.    Defendant NFL controls and directs certain of Defendant NFL

Productions and Defendant NFL Films' business operations and policies.

8.   Defendant NFL Productions controls and directs certain of Defendant NFL Films' business operations and policies.

9.   Defendants are engaged in an industry affecting interstate commerce and regularly do business in the state of New Jersey.

10.   At all times material hereto, Defendants employed more than twenty (20) employees.

11.   At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

12.   At all times material hereto, Defendants acted as employers within the meanings of the statutes which form the basis of this matter.

13.   At all times material hereto, Plaintiff was an employee of Defendants within the meanings of the statutes which form the basis of this matter.

### III.   JURISDICTION AND VENUE

14.   The causes of action which form the basis of this matter arise under the ADEA and the NJLAD.

15.   The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

16.   The District Court has supplemental jurisdiction over Count II (NJLAD) pursuant to 28 U.S.C. §1367.

17.    Venue is proper in the District Court under 28 U.S.C. §1391(b).

18.    On or about April 8, 2008, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein.  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with minor redactions for purposes of electronic filing of confidential/identifying information).

19.    On or about July 14, 2008, Plaintiff filed a Second Charge of Discrimination with the EEOC, complaining of acts of discrimination and retaliation alleged herein.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of the Second Charge of Discrimination (with minor redactions for purposes of electronic filing of confidential/identifying information).

20.    On or about September 22, 2009, the EEOC issued to Plaintiff Dismissals and Notices of Rights for both of his Charges of Discrimination.  Attached hereto, incorporated herein and marked as Exhibit "3," are true and correct copies of those notices (with minor redactions for purposes of electronic filing of confidential/identifying information).

21.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.    **FACTUAL ALLEGATIONS**

22.    On or about June 1, 1998, Plaintiff was hired by Defendants as a Colorist.  Plaintiff had worked as a freelance Colorist for approximately three (3)

years prior to his full-time hire.  Since in or about 2000, Plaintiff reported to Bob

Johanson, Manager of Telecine.  Mr. Johanson reported to Rene Hangley,

Director of Video Operations, who in turn reported to Bill Driber, Director of

Production Operations.

23.     At all times material hereto, Plaintiff performed his job duties in a

highly competent manner.

24.     On or about March 5, 2008, Plaintiff was notified by Defendants

that he would be terminated effective March 7, 2008.  Plaintiff was informed of

the same by Mr. Driber, Mr. Hangley and Robert Alacci, Director of Human

Resources and Administration.

25.     Plaintiff was told that the reason for his termination was that

Defendants were downsizing due to the loss of a client.  Plaintiff was not

informed of any criteria that Defendants used to determine that he, and not his

younger, less qualified colleagues, would be terminated.

26.     On the same day that Plaintiff was terminated, Terry Bianco,

Colorist, who was fifty one (51) years old and also reported to Mr. Johanson,

informed Plaintiff that she had been terminated.  She also told Plaintiff that, when

she asked the criteria that Defendants had used to determine which employees

would be terminated, Mr. Driber responded that he was not allowed to tell her.

27.     Plaintiff and Ms. Bianco were two of the oldest of Mr. Johanson's

direct reports and the only ones to be terminated.  Substantially younger and less

qualified employees were retained.

28.     In or about July 2008, Defendants contacted Ms. Bianco to request

that she return to work in a freelance role.  Unlike Plaintiff, Ms. Bianco had not filed a Charge of Discrimination against Defendants.  Defendants did not contact Plaintiff at that time.

29.     Plaintiff then filed a Charge of Discrimination alleging retaliation for the refusal of Defendants to offer Plaintiff freelance or other work.

30.     Defendants then contacted Plaintiff to request that he return to work in a freelance role, only after he filed a Second Charge of Discrimination with the EEOC alleging that he was being retaliated against based on his complaints of discrimination.

31.     Defendants willfully and wrongfully terminated Plaintiff because of his age.

32.     Defendants failed to provide a legitimate, non-discriminatory reason for terminating Plaintiff and retaining his younger, less qualified colleagues.

33.     Defendants failed to provide a legitimate, non-discriminatory reason for failing to rehire or offer work to Plaintiff after he complained of discriminatory conduct at the same time that it made an offer to his colleague who had not engaged in protected activity.

34.     Plaintiff's age was a motivating and determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including their termination of Plaintiff.

35.     Plaintiff's complaining of discrimination was a motivating and/or determinative factor in connection with Defendants' retaliatory treatment of Plaintiff, including their failure to rehire or offer work to Plaintiff.

36.     Defendants failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take appropriate corrective and/or remedial measures to make the workplace free of discriminatory and retaliatory conduct.

37.     The retaliatory actions taken against Plaintiff after he complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

38.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

39.     The conduct of Defendants, as set forth above, was willful and intentional and warrants the imposition of liquidated damages.

40.     The conduct of Defendants, as set forth above, was willful, intentional and outrageous under the circumstances, was done by and with the knowledge of upper management and warrants the imposition of punitive damages against Defendants.

## COUNT I - ADEA

41.     Plaintiff incorporates herein by reference paragraphs 1 through 40 above, as if set forth herein in their entirety.

42.     Defendants, by committing the foregoing acts of discrimination and retaliation, have violated the ADEA.

43.     As a direct and proximate result of Defendants' violations of the ADEA, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

44.     Said violations were willful within the meaning of the ADEA and warrant the imposition of liquidated damages.

45.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

46.     No previous application has been made for the relief requested herein.

## COUNT II - NJLAD

47.     Plaintiff incorporates herein by reference paragraphs 1 through 46 above, as if set forth herein in their entirety.

48.     Defendants, by the above-described discriminatory and retaliatory acts, have violated the NJLAD.

49.     There was participation by upper management of Defendants in connection with the discrimination and retaliation to which Plaintiff was subjected.

50.     Said violations were intentional and willful and warrant the imposition of punitive damages.

51.     As a direct and proximate result of Defendants' violations of the NJLAD, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

52.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

53.     No previous application has been made for the relief requested herein.

### RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants:

(a)     declaring the acts and practices complained of herein to be in violation of the ADEA;

(b)     declaring the acts and practices complained of herein to be in violation of the NJLAD;

(c)     enjoining and restraining permanently the violations alleged herein;

(d)     entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(e)     awarding compensatory damages to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(f)     awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain and suffering, which Plaintiff has

suffered or may suffer as a result of Defendants' improper conduct;

(g)     awarding Plaintiff costs of this action, together with reasonable attorney's fees and other disbursements;

(h)     awarding liquidated damages to Plaintiff under the ADEA;

(i)     awarding punitive damages to Plaintiff under the NJLAD;

(j)     awarding Plaintiff such other damages as are appropriate under the ADEA and the NJLAD; and,

(k)     granting such other and further relief as this Court deems appropriate.

**CONSOLE LAW OFFICES LLC**

Dated: December 18, 2009          By:     s/Caren N. Gurmankin, Esquire
                                          Stephen G. Console, Esquire
                                          Caren N. Gurmankin, Esquire
                                          console@consolelaw.com
                                          gurmankin@consolelaw.com
                                          110 Marter Avenue, Suite 105
                                          Moorestown, NJ 08057
                                          **(856) 854-4000**
                                          **(856) 854-4006 (facsimile)**
                                          **(215) 545-7676 (Philadelphia office)**

                                          Attorneys for Plaintiff,
                                          Liam McGrory