# EXHIBIT 1

Dockets.Justia.com

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | AGENCY<br>☐ FEPA<br>X EEOC | CHARGE NUMBER<br><br>530-2008-02555 |
|---|---|---|
| STATE OR LOCAL AGENCY: | | |

| NAME (Indicate Mr., Ms., Mrs.)<br>Liam McGrory | | HOME TELEPHONE NUMBER (Include Area Code) | |
|---|---|---|---|
| STREET ADDRESS<br>[redacted] | CITY, STATE AND ZIP<br>Cherry Hill, NJ 08034 | | DATE OF BIRTH<br>[redacted] 1953 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>National Football League | NUMBER OF EMPLOYEES,<br>MEMBERS  >20 | TELEPHONE (Include Area Code)<br>(212) 450-2000 |
|---|---|---|
| STREET ADDRESS<br>280 Park Avenue | CITY, STATE AND ZIP<br>New York, NY 10017 | COUNTY<br>New York |
| STREET ADDRESS<br>NFL Films, Inc. (Charging Party's Work Location)<br>One NFL Plaza | CITY, STATE AND ZIP<br><br>Mount Laurel, NJ 08054 | COUNTY<br>Burlington |

| CAUSE OF DISCRIMINATION (Check appropriate box(es))<br>☐ Race   ☐ Color   ☐ Sex   ☐ Religion   ☐ National Origin<br>☐ Retaliation   X Age   ☐ Disability   ☐ Other (Specify) | DATE DISCRIMINATION TOOK PLACE<br><br>Earliest          Latest 03/05/2008<br><br>☐ Continuing Violation |
|---|---|

**The Particulars Are:**

A.  1.  Relevant Work History

I was hired by Respondents on or about June 1, 1998 as a Colorist. I had worked on a freelance basis for Respondents for approximately three (3) years prior to my hire as a full-time employee. Since in or about 2000, I reported to Bob Johanson, Manager of Telecine. Mr. Johanson reported to Rene Hangley, Director of Video Operations, who, in turn, reported to Bill Driber, Director of Production Operations.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures<br><br>I declare under penalty of perjury that the foregoing is true and correct. | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is tru to the best of my knowledge information and belief. |
|---|---|
| Date: 04/07/08   *Liam McGrory*<br>Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year) |

I consistently demonstrated excellent performance and received very positive feedback throughout my almost ten (10) year tenure with Respondents, including an evaluation for which feedback was collected and summarized immediately prior to my termination. I was never counseled or disciplined regarding my performance.

2. Harm Summary

I believe that Respondents have discriminated against me because of my age. Evidence of discriminatory conduct includes, but is not limited to, the following:

a) On or about March 5, 2008, Terry Bianco (51), Colorist, who also reported to Mr. Johanson, informed me that she had just been terminated by Respondents;

b) Ms. Bianco said that she had asked Respondents about the criteria used to determine those selected for termination but she was told by Mr. Driber that he was "not allowed to tell" her;

c) On that same day, on or about March 5, 2008, I was called into a meeting with Mr. Driber, Mr. Hangley and Robert Alacci, Director of Human Resources and Administration. I was told that Respondents were downsizing due to the loss of a client and that I would be terminated effective March 7, 2008;

d) Ms. Bianco and I were the only of Mr. Johanson's direct reports that were terminated. Substantially younger and less skilled Colorists were retained. Mr. Johanson's other direct reports included:

   (1) John Kazakian (41), Colorist. Mr. Kazakian was employed with Respondents for approximately seven (7) years;

   (2) Chris Pepperman (40), Colorist. Mr. Pepperman was employed with Respondents for almost ten (10) years;

   (3) John Millar (62), Colorist. Mr. Millar had been working with Respondents on a freelance basis for approximately twenty five (25) years. He was hired as a full-time employee approximately three (3) years ago; and,

   (4) Jim Coyne (41) Colorist. Mr. Coyne was employed as a Colorist with Respondents for approximately seven (7) years.

e) Respondents' statistics regarding this most recent termination program evidence a bias against older employees (both disparate treatment and disparate impact). Evidence of discrimination includes, but is not limited to, the following:

   (1) Respondents terminated twenty one (21) employees. Of that group, fourteen (14) employees (sixty seven (67%) percent) were over the age of forty (40);

   (2) Ms. Bianco and I were two (2) of the oldest employees reporting to Mr. Johanson and the only ones who were terminated;

   (3) Prior to the implementation of the employment termination program that resulted in my termination, forty five (45%) percent of Respondents' employee population was over the age of forty (40). Yet, sixty seven (67%) percent of those employees chosen for termination were over the age of forty (40). In addition, twenty two (22%) of Respondents' employee population was over the age of fifty (50). Yet, forty three (43%) percent of those employees chosen for termination were over the age of fifty (50); and,

   (4) The retention rates of Colorists, Producers, Editors and Cameramen all evidence a bias against older workers in connection with Respondents' termination program.

B. 1. Respondents' Stated Reasons

    a) Respondents have not offered any explanation regarding the fact that they selected me, and not one (1) of my three (3) substantially younger colleagues, for the employment termination program; and,

    b) Respondents have failed to explain any of the criteria that were used in determining the selection of employees for the employment termination program;

    c) Respondents have not offered any explanation for the age discrimination to which I was subjected; and,

    d) Respondents have not offered any explanation for the pattern and practice of age discrimination, including adverse impact based on age that was present in its termination program.

C. 1. Statutes and Basis for Allegations

I believe that Respondents have discriminated against me based on my age in violation of Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA") and the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, *et seq.* ("NJLAD"), as set forth herein.

D. 1. **Class Harm**

**I believe that Respondents have engaged in a pattern and practice of age discrimination (disparate treatment and disparate impact) and I bring this Charge as a Class Charge on behalf of all employees over the age of forty (40) who were adversely treated in connection with Respondent's termination program of 2008.**

RECEIVED EEOC PHILADELPHIA, D.O. 08 APR -8 PM 4:14

# EXHIBIT 2

| SECOND CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q  FEPA<br>X  EEOC | 530-2008-02555 |
| STATE OR LOCAL AGENCY: | | |

| NAME (Indicate Mr., Ms., Mrs.)<br>Liam McGrory | HOME TELEPHONE NUMBER (Include Area Code) | |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP<br>Cherry Hill, NJ 08034 | DATE OF BIRTH<br>1953 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>National Football League | NUMBER OF EMPLOYEES,<br>MEMBERS    >20 | TELEPHONE (Include Area Code)<br>(856) 222-3500 |
|---|---|---|
| STREET ADDRESS<br>280 Park Avenue | CITY, STATE AND ZIP<br>New York, NY 10017 | COUNTY<br>New York |
| STREET ADDRESS<br>NFL Films, Inc. (Charging Party's Work Location)<br>One NFL Plaza | CITY, STATE AND ZIP<br>Mount Laurel, NJ 08054 | COUNTY<br>Burlington |

| CAUSE OF DISCRIMINATION (Check appropriate box(es))<br>QRace   QColor   QSex   QReligion   QNational Origin<br>X Retaliation   X Age   Q Disability   QOther (Specify) | DATE DISCRIMINATION TOOK PLACE<br>Earliest                Latest<br><br>X Continuing Violation |
|---|---|

**The Particulars Are:**

A.   1.   Relevant Work History

I was hired by Respondents on or about June 1, 1998 as a Colorist. I had worked on a freelance basis for Respondents for approximately three (3) years prior to my hire as a full-time employee. Since in or about 2000, I reported to Bob Johanson, Manager of Telecine. Mr. Johanson reported to Rene Hangley, Director of Video Operations, who, in turn, reported to Bill Driber, Director of Production Operations.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>Date: 07-14-08   *Liam McGrory*  Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

Case 1:09-cv-06419-JEI-KMW   Document 1-2   Filed 12/18/09   Page 7 of 10
Liam McGrory v. NFL Films et al
EEOC Charge
Page 2 of 2

On or about March 5, 2008, I was terminated from Respondent (and told that my termination would be effective March 7, 2008). Terry Bianco (51), Colorist, was also terminated. Ms. Bianco and I were two (2) of the oldest employees, and the only ones who were terminated, in our department.

I filed a Charge of Discrimination with the EEOC on April 9 2008 alleging discrimination based on my age (a copy of that Charge was sent to Respondents on that day).

Since filing my Charge of Discrimination, I have been subjected to additional discriminatory and retaliatory conduct.

B.  Harm Summary

Evidence of Respondents' discriminatory and retaliatory conduct includes, but is not limited to, the following:

   a)  In or about July 2008, Respondents contacted Ms. Bianco (51) and requested that she return to work in a freelance role. Ms. Bianco has not filed a Charge of Discrimination against Respondents;

   b)  I have not been contacted by Respondents to return to work in any capacity;

   c)  I have a broader range of skills as a Colorist than Ms. Bianco and can handle a greater variety of tasks and responsibilities.

B.  1.  Respondent's Stated Reasons

   a)  Respondents have not offered any explanation for their failure to rehire me.

C.  1.  Statutes and Basis for Allegations

I believe that Respondents have continued to discriminate against me and retaliate against me in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq. ("ADEA") and the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, et seq. ("NJLAD"), as set forth herein.

# EXHIBIT 3

EEOC Form 161 (rev 2/17/08)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Liam McGrory<br>Cherry Hill, NJ 08034 | From: Equal Employment Opportunity Commission<br>Philadelphia District Office<br>801 Market Street, Suite 1300<br>Philadelphia, PA 19107-3127 |

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2008-02555 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   Your charge was not timely filed with EEOC. In other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_____   September 22, 2009
Marie M. Tomasso, District Director     *(Date Mailed)*

Enclosure(s)
   Information Sheet
cc:   National Football League
      Caren N. Gurmankin, Esquire (For Charging Party)
      John F. Fullerton, III, Esquire (For Respondent)

EEOC Form 161 (rev 2/17/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Liam McGrory  
Cherry Hill, NJ 08034

From: Equal Employment Opportunity Commission  
Philadelphia District Office  
801 Market Street, Suite 1300  
Philadelphia, PA  19107-3127

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2008-03663 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   Your charge was not timely filed with EEOC. In other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Marie M. Tomasso, District Director                             September 22, 2009 (Date Mailed)

Enclosure(s)  
Information Sheet

cc:   National Football League  
Caren N. Gurmankin, Esquire (For Charging Party)  
John F. Fullerton, III, Esquire (For Respondent)